IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
COLUMBUS

FILED
JOHN P. HEHMAN
CLERK
2013 JUN 24 AM 11:59
U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST. DIV. COLUMBUS

Lisa DeJarnette
11751 Jerome Road
Plain City, Ohio 43064

  Plaintiff,

v.

The Ohio State University Medical Center
1670 Upham Drive
Columbus, Ohio 43210

  DEFENDANT

Case No. 2:13CV0602

Judge

JUDGE SMITH

Jury Demand
Endorsed Hereon

MAGISTRATE JUDGE ABEL

## COMPLAINT

Now comes Plaintiff Lisa DeJarnette (hereafter "Plaintiff" or "DeJarnette") by and through undersigned counsel and for her Complaint against Defendant The Ohio State University Medical Center (hereafter "Defendant" or "Ohio State") states and avers as follows:

PARTIES

  1. Plaintiff Lisa DeJarnette is a resident of the State of Ohio.

  2. Defendant the Ohio State University Medical Center is a state university and hospital with its principal location in Columbus, Ohio. At all times alleged herein, Defendant the Ohio State University Medical Center was an employer as such as been defined by Title VII and Title 4112 of the Ohio Revised Code, employing Lisa DeJarnette.

JURISDICTION AND VENUE

{00038598-1}

3. Jurisdiction of this Court is invoked pursuant to 29 USCS §§2611 et seq. and 28 USC Section 1331, as well as this Court's power to assert supplemental jurisdiction of state claims.

4. The unlawful discrimination and employment practices alleged below were committed within the State of Ohio, in the Southern District, Eastern Division of this Federal Court.

5. At all relevant times hereto, Plaintiff worked for Defendant in Franklin County, Ohio which is the county in which the Defendant conducted the activity which gave rise to Plaintiff's claims for relief, and the county in which all or part of Plaintiff's claim arose.

6. At all times pertinent hereto, Defendant was in the business of "education and provision of medical services" and in such business a labor dispute would "hinder" or "obstruct" the free flow or commerce as defined by 29 USCS §2611(1). Furthermore, at all times pertinent hereto, Defendant was an "employer" as defined by 29 USCS §2611(4)(A) as well as Ohio Revised Code Section 4112.01.

7. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission on February 29, 2012. On or about May 20, 2013, Plaintiff received a Dismissal and Notice of Rights which is attached hereto as Exhibit A.

FACTS

8. Defendant employed Plaintiff from September 5, 2006 through December 28, 2011. Her last position held was Psychiatric Emergency Services Clinician.

9. At all times alleged herein, the conduct discussed including the adverse employment actions discuss herein occurred in the County of Franklin, State of Ohio.

10. Plaintiff has been diagnosed with a recognized disability that limits her everyday life activity, Attention Deficit Hyperactivity Disorder ("ADHD").

11. Plaintiff had requested accommodations for her disability, initially in 2009 and then again on April 28, 2011, May 20, 2011, July 8, 2011, September 21, 2011, October 15, 2011, October 28, 2011, November 30, 2011, December 2, 2011, December 8, 2011 and December 12, 2011.

12. In September 2011, amidst her multiple requests for accommodation, DeJarnette received a corrective action that addressed tardiness. DeJarnette presented evidence that her disability caused the tardies and the corrective action was held in abeyance.

13. Plaintiff appealed an evaluation she received on October 15, 2011 and she reported she was being treated differently because of her disability. Specifically, the only negative report on her evaluation was a result of her disability. Further, another social worker in the same position who not disabled but had tardies did not receive similar discipline or evaluation.

14. On November 23, 2011 following Plaintiff's report of unfair treatment, discrimination and multiple requests for accommodation, Defendant held an impromptu meeting with Plaintiff. Plaintiff received a text in the evening on November 22, 2011 indicating that a follow up meeting was necessary to discuss her discipline. During the meeting on November 23, 2011, her supervisor asked her random questions related to her edit slips. Later the supervisor told her that he had no idea what the meeting was about but that he had received a list of questions to ask and he felt uncomfortable asking them. He indicated he did not know why they were doing this.

15. On December 8, 2011, Plaintiff was officially notified of the charges and a disciplinary hearing. Plaintiff provided explanation for each time entry and there was no evidence presented to dispute Plaintiff's position. Further, the reason for Plaintiff's forgetfulness in swiping her badge was her documented disability.

16. Defendant terminated Plaintiff.

17. Other associates without disability who had tardies were not similarly disciplined.

FIRST CAUSE OF ACTION – DISABILITY DISCRIMINATION (ADA)

18. Plaintiff hereby incorporates its allegations set forth in Paragraphs 1 through 17 above as if fully rewritten herein.

19. Defendant discriminated against Plaintiff, a qualified individual on the basis of a disability, or perceived disability, by terminating her.

20. Defendant's actions are intentional.

21. As a direct and proximate result of Defendant's conduct set forth above, Plaintiff has suffered damages, including but not limited to emotional and physical distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, lost wages and income (including back pay and front pay), and other benefits to which she was entitled, an amount to be determined at trial.

SECOND CAUSE OF ACTION – FAILURE TO PROVIDE ACCOMMODATION

22. Plaintiff hereby incorporates the allegations set forth in Paragraphs 1 through 21 above as if fully rewritten herein.

23. Defendant discriminated against Plaintiff, a qualified individual on the basis of a disability or perceived disability, by failing to provide a reasonable accommodation upon request. Such conduct is prohibited by 11 USC §12112(a), (b)(5)(A).

24. Defendant's actions are intentional.

25. As a direct and proximate result of Defendant's conduct set forth above, Plaintiff has suffered damages, including but not limited to emotional and physical distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, lost wages and income (including back pay and front pay), and other benefits to which she was entitled, an amount to be determined at trial.

## THIRD CAUSE OF ACTION – DISABILITY DISCRIMINATION ( Ohio Revised Code Sections 4112.02 AND 4112.99)

26. Plaintiff hereby incorporates her allegations set forth in Paragraphs 1 through 25 above as if fully rewritten herein.

27. Plaintiff is suffering from a qualified disability and/or handicap because she has ADHD.

28. Plaintiff was terminated by Defendant because of her disability and/or her report of unfair treatment related to her disability and/or her request for accommodation.

29. Plaintiff, although disabled, can safely and substantially perform the essential functions of her job as a Psychiatric Emergency Services Clinician.

30. As a result of Defendant's decision to terminate Plaintiff due to her disability, Defendant has violated §4112.02 of the Ohio Revised Code and has committed an unlawful discriminatory practice.

31. As a direct and proximate result of Defendant's conduct set forth above, Plaintiff has suffered damages, including but not limited to emotional and physical distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, lost wages and income (including back pay and front pay), and other benefits to which she was entitled, an amount to be determined at trial.

{00038598-1}

## FOURTH CAUSE OF ACTION – RETALIATION

32. Plaintiff hereby incorporates the allegations set forth in Paragraphs 1 through 31 above as if fully rewritten herein.

33. Plaintiff engaged in activity protected by Title VII and Title 4112.

34. Defendant was aware that Plaintiff had made allegations of disability discrimination and requests for accommodation.

35. Defendants terminated Plaintiff as a result of Plaintiff's exercise of the protected activity.

36. There is a causal connection between the Plaintiff's termination and the exercise of the protected activity.

37. As a result of Defendant's retaliation, Plaintiff has been damaged in excess of $100,000 for compensatory damages and in excess of $100,000 for punitive damages.

**WHEREFORE,** Plaintiff Lisa DeJarnette prays for judgment against Defendant The Ohio State University Medical Center, for all equitable, compensatory, punitive, liquidated and statutory damages including attorney fees and reinstatement in an amount that is full and fair compensation under all applicable law, including but not limited to back pay, front pay, reinstatement, loss of benefits compensation, pain and suffering, liquidated damages, attorney fees, costs interest and such further and other relief as this Court may deem proper.

Respectfully submitted,

KEMP, SCHAEFFER & ROWE
CO., LPA

BY: /s/ Erica Ann Probst
Erica Ann Probst (0073486)
88 West Mound Street
Columbus, Ohio 43215
Telephone:     (614) 224-2678
Facsimile:     (614) 469-7170
Erica@ksrlegal.com

Counsel for Plaintiff Lisa DeJarnette

## JURY DEMAND

Lisa DeJarnette hereby demands a trial by jury of all issues that are so triable.

Respectfully submitted,

KEMP, SCHAEFFER & ROWE
CO., LPA

BY: /s/ Erica Ann Probst
Erica Ann Probst (0073486)
88 West Mound Street
Columbus, Ohio 43215
Telephone:     (614) 224-2678
Facsimile:     (614) 469-7170
Steven@ksrlegal.com
Erica@ksrlegal.com

Counsel for Plaintiff Lisa DeJarnette

{00038598-1}

EEOC Form 161 (11/09)  **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

EXHIBIT A

## DISMISSAL AND NOTICE OF RIGHTS

To: Lisa DeJarnette
11751 Jerome Road
Plain City, OH 43064

From: Cleveland Field Office
EEOC, AJC Fed Bldg
1240 E 9th St, Ste 3001
Cleveland, OH 44199

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

EEOC Charge No.: 532-2012-01021
EEOC Representative: Denise M. Klaus, Investigator
Telephone No.: (216) 522-7460

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*Cynthia Stankiewicz* [signature]

Cynthia Stankiewicz,
Acting Director

MAY 20 2013
*(Date Mailed)*

Enclosures(s)

cc:
Lee Ann Rabe
Assoc Asst Attorney Gnrl
OHIO ATTORNEY GENERAL
Education Section
30 E Broad St, 16th Floor
Columbus, OH 43215

Erica A. Probst
KEMP, SCHAEFFER & ROWE
88 West Mound Street
Columbus, OH 43215